**HOLLIS v. WINFREE et al.**

No. 4551.

Court of Civil Appeals of Texas. Beaumont.
Dec. 2, 1948.

Rehearing Denied Jan. 12, 1949.

Stephenson & Stephenson, of Orange, for appellant.

E. L. Bruce, of Orange, for appellees.

COE, Chief Justice.

This appeal is prosecuted from an order of the District Court of Orange County, Texas, dissolving a temporary restraining order and denying appellant a temporary injunction.

Appellant sought injunctive relief for the purpose of restraining the sheriff of Orange County, Texas from executing a pluries execution; and restraining the clerk of the District Court of Orange County from issuing any further writs based upon a certain judgment which the appellant claims to have been satisfied and extinguished; and restraining the appellee, defendant below, from attempting to enforce such judgment. The trial court granted the temporary restraining order and set the plaintiff's application for a temporary injunction for a hearing within due time. Upon such hearing the court dissolved the temporary restraining order and refused appellant's application for a temporary writ of injunction.

Appellant named as defendants in his petition Will Winfree, Chester Holt, sheriff of Orange County, and T. M. Dodd, clerk of the District Court of Orange County, Texas. The primary object of appellant's petition was to obtain an injunction restraining the appellee Will Winfree from attempting to enforce or collect the amount of a certain judgment rendered in the District Court of Orange County, Texas on the 2nd day of June, 1942 in cause No. 8057, wherein Eleanor Wilson Rougeot, et vir were plaintiffs and J. W. Burgess was defendant and to enjoin the appellee T. M. Dodd, in his official capacity, from issuing any writ or writs based upon such judgment and restraining the defendant Chester Holt, in his official capacity, from executing a pluries execution based upon such judgment, and further prayed the court to cancel and hold for naught the abstract of said judgment and that the cloud thereby cast upon the title to appellant's property be in all respects removed. The trial court issued a temporary restraining order as prayed for but upon a hearing dissolved the same and denied the temporary injunction as prayed for.

The facts of the case are practically undisputed and are clearly reflected by the findings of fact filed by the trial court. Such facts are in keeping with the pleadings of the parties and we feel eliminate the necessity of setting out the pleadings in detail. Said findings of fact and conclusions of law as made by the trial court are as follows:

## "Findings of Fact

"1. In cause No. 8057 in the District Court of Orange County, Texas, suit was brought by Eleanor Wilson Rougeot and husband, as plaintiffs, against J. W. Burgess, as defendant, for possession of certain personal property. The plaintiffs therein, Eleanor Wilson Rougeot and husband, sequestered such property, the defendant therein, J. W. Burgess, replevied such property, executing his replevy bond in the sum of $3,000.00, with W. S. McGill, Clifton Chesson, C. S. Hollis, Will Winfree and J. M. Parish, as sureties on such replevy bond. On June 2, 1942, trial of said cause was had and plaintiffs prevailed against defendant, and on that date judgment was rendered in favor of the plaintiffs, Eleanor Wilson Rougeot and husband, against the defendant J. W. Burgess and the sureties on his replevy bond, jointly and severally, and in the sum of $2100.00 with 6% interest per annum thereon from date of judgment, and against the defendant J. W. Burgess alone for costs. Said W. S. McGill, Clifton Chesson, C. S. Hollis, Will Winfree and J. M. Parish were not defendants in said suit, and judgment was rendered against them solely by reason of their being sureties on the replevy bond of the defendant J. W. Burgess. There were no pleadings in such suit raising any issue of suretyship, but in such judgment it is adjudicated and determined that said W. S. McGill, Clifton Chesson, C. S. Hollis, Will Winfree and J. M. Parish, are sureties for the said J. W. Burgess, and such judgment was rendered against such defendant and such sureties jointly and severally manifestly in compliance with Article 6852, a certified copy of which judgment was introduced in evidence herein and is here referred to for all of the recitals thereof.

"2. Thereafter, plaintiffs had Execution issued on said judgment and levied on property of the defendant J. W. Burgess, and from Sheriff's sale thereunder realized an amount sufficient to pay the costs adjudged in such judgment and the net sum of $1440.55 as a credit on the principal and interest of such judgment.

"3. Thereafter, plaintiff had another Execution issued on said judgment for the $726.35 balance thereof unsatisfied, and levy was made on property of the said Will Winfree, and the said Will Winfree in order to avoid sheriff's sale of his property so levied on, paid said sum of $726.35 to the sheriff and the sheriff in turn paid same to plaintiffs, said sum having been paid by the said Will Winfree on November 1, 1942.

"4. Thereafter, on November 18, 1945, said Will Winfree was reimbursed by his co-surety Clifton Chesson the sum of $140.-00; and thereafter on May 6, 1946, said Will Winfree was reimbursed by his co-surety J. M. Parish the sum of $175.89.

"5. Thereafter, on March 17, 1948, the clerk of said court, on application of the said Will Winfree, issued Execution on said judgment, for the use and benefit of the said Will Winfree, against said J. W. Burgess for the amount so paid by the said Will Winfree, $726.35, with accrued interest thereon, less the November 18, 1945, credit of $140.00, and less the May 6, 1946, credit of $175.89; said Execution directing the sheriff that if same could not be made from the said J. W. Burgess, then to make Four-Fifths (4/5) of such amount from the said C. S. Hollis, J. M. Parish, W. S. McGill and Clifton Chesson, the co-sureties of the said Will Winfree; and such Execution was placed in the hands of the sheriff of Orange County, Texas; a copy of which said last named Execution is attached to plaintiff's petition herein and is here referred to for all purposes, same being the Execution the levy of which is herein sought to be enjoined by the said C. S. Hollis.

## "Conclusions of Law

"1. I conclude that when the said Will Winfree so paid the aforesaid sum of $726.35 to the sheriff, said judgment in cause No. 8057 was not thereby discharged, but remained in force and effect for the use and benefit of the said Will Winfree to the extent of such payment with interest thereon.

"2. I conclude that the Execution issued herein at the instance of the said Will Winfree, and being the Execution the levy of which is herein sought to be enjoined, was legally authorized to be issued, and a levy

under same should not be enjoined, Articles 6248 and 6249 being applicable in the premises."

"Additional Findings of Fact

"1. That the defendant Will Winfree is a resident citizen of Orange County, Texas; that the defendant Chester Holt is also a resident citizen of Orange County, Texas, and is the duly qualified and acting sheriff of said county and state; that the defendant T. M. Dodd, who is also a resident citizen of Orange County, Texas, is the duly qualified and acting district clerk of said county and state.

"2. That since the original judgment was rendered in cause No. 8057, the said defendant Will Winfree has not at any time instituted proceedings for the purpose of determining the question of contribution between the defendants or any one or more of such defendants and such question of contribution is still open unless the judgment rendered in said cause No. 8057 settled or determined such question or unless such judgment eliminated the necessity of the settlement of such question.

"3. That shortly after the rendition of the said judgment in cause No. 8057 the original plaintiffs in such judgment did have the same duly abstracted and that such abstract of judgment is on file in Volume H at page 254 of the Abstract of Judgment records of Orange County, Texas.

"4. That the defendant Will Winfree, being the defendant in said cause No. 8057 and being one of the defendants in cause No. 9604, being the case at bar, had T. M. Dodd, clerk of the district court of Orange County, Texas, to issue an execution based upon the judgment rendered in cause No. 8057 on the 17th day of March, 1948, a copy of which execution is attached to plaintiff's petition in the case at bar marked Exhibit 'A', and is here referred to; that such execution was immediately after its issuance delivered into the hands of the defendant in this cause, namely, Chester Holt, sheriff of Orange County, Texas, for execution; that the said sheriff now has such writ in his hands and will forthwith undertake to levy upon the property of the plaintiff in this cause, if the temporary restraining order granted by the court in this cause be dissolved or should not be continued in effect; that if the defendant T. M. Dodd, in his official capacity, is not restrained from so doing and should it become necessary will in all probability issue another writ of execution on said judgment in cause No. 8057 or will issue some other character of writ for the purpose of enforcing such judgment unless he is restrained from so doing and should the temporary restraining order heretofore granted by the court be dissolved; and the said Will Winfree will in all probability seek the issuance of another writ of execution or some other character of writ for the purpose of enforcing the said judgment rendered in cause No. 8057 unless restrained from so doing and should the temporary restraining order be dissolved or should such order not be continued in effect."

It is the contention of the appellant, predicated upon proper points, that the payment of the balance due on the judgment rendered in cause No. 8057 by the appellee Will Winfree resulted in the satisfaction of said judgment and that the same was thereby extinguished for the reason that the undisputed and admitted fact reveals that at the time of the rendition of the judgment in said cause, the issue of suretyship was not presented or adjudicated, and since the question of contribution between the defendants was not at any time raised or adjudicated before or after the trial of said cause, as provided for in old Article 6246, Vernon's Ann.Civ.Statutes, now Rule 32, Texas Rules Civil Procedure. While appellee contends that since the judgment in cause No. 8057 was rendered against him and his co-sureties only because they were sureties, as is reflected by the judgment, that the payment of the balance due on such judgment by the surety Will Winfree did not extinguish or discharge the same but that it is still in full force for his use and benefit as is provided for by Articles 6248 and 6249, Vernon's Civ.Statutes. Such Articles read as follows:

Article 6248. (6333) (3815) Rights of surety.

"When any person, being surety in any undertaking whatever, shall be compelled

to pay any judgment, or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship, the said judgment shall not be discharged by such payment, but shall remain in force for the use of such surety, and shall be considered as assigned to such surety, together with all the rights of the creditor thereunder to the extent of such payment with the interest thereon; and such surety shall be entitled to have execution thereon in the name of the creditor for the use of such surety against the principal debtor for the full amount of such payment, interest and costs, which execution shall be issued upon the application of such surety to the clerk, or court, as the case may be, and shall be levied, collected and returned as in other cases."

Article 6249. (6334) (3816) Execution against a co-surety.

"If there be more than one surety and one or more of them has failed to pay his proportionate part of the judgment, execution may issue, as provided in the preceding article, against the principal for the use of the surety who has paid more than his proportionate part for the whole amount paid by him and interest thereon, and also against his co-sureties, for their proportionate part of the excess so paid by him and interest thereon."

We are unable to agree with appellant's contention. The judgment in cause No. 8057 was rendered against appellee and his co-sureties for the reason that they were sureties on the replevy bond of the defendant, J. W. Burgess, in that cause and for no other reason, and since the judgment so recites, as found by the trial court, we see no reason for denying to him any of the rights or remedies provided for in Articles 6248 and 6249. We do not believe that Articles 6246 and 6247, and the authorities construing same which are relied on by appellant to sustain his contentions have any application to the question of suretyship as here presented. As fixing the rights of the sureties in the replevy bond as in this case it will be presumed, unless it is otherwise shown, that each surety was obligated to pay his proportionate part of the judgment or any part thereof which was paid by his co-surety. There is nothing in this case to suggest or indicate that there was any difference in the burden assumed by each of the sureties on the replevy bond in cause No. 8057. Therefore under the facts as here presented appellee Will Winfree has a right to require each of his co-sureties on said bond to contribute their proportionate amount of the monies paid out by him on their original judgment, together with interest thereon from the date of such payment. We are convinced that the trial court was justified in dissolving the restraining order issued by him and in refusing to grant a temporary injunction. However, we do not desire to be understood as approving the form of the execution which was issued in this matter, in that, after directing the sheriff to levy upon the goods and chattels of J. W. Burgess to satisfy appellee Will Winfree for the amount paid out by him, less the credits of $140 and $175.89. It directs said sheriff that if he is unable to make said sum from the defendant Burgess then he is commanded that of the goods and chattels, lands and tenements of said C. S. Hollis, J. M. Parish, W. S. McGill, and Clifton Chesson defendants, that he cause to be made for the use and benefit of the said Will Winfree the sum of $581.08, the sum being four-fifths (4/5) of said sum of $726.35, together with interest on said sum of $581.08 from the first day of November, 1942, at the rate of 6% per annum, less the aforesaid credits of $140 and $175.89, etc. We say this for the reason that it appears that appellee's co-surety J. M. Parish had on May 6, 1946 reimbursed the appellee Will Winfree the sum of $175.89, which is substantially if not exactly his proportionate part of the obligation paid by the appellee Will Winfree. Therefore if said Parish has heretofore paid his proportionate part of said obligation then no further execution should be issued against him, as appellee has no right to compel one co-surety to contribute more than his proportionate part of the obligation. While appellee's co-surety Clifton Chesson has already reimbursed appellee in the sum of $140 he should be allowed full credit for such payment. These mat-

ters were not raised by the pleadings in the trial court nor urged here as presenting error. However, we feel that inasmuch as we are affirming the judgment of the trial court below we should make known our views in the matter.

The judgment of the trial court is affirmed.